## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JESUS FELIPE RAMIREZ AND WIFE, | § | |
| ANNA MARIE RAMIREZ, | § | NO. 5-17 bk 52885 cag |
| | § | |
| Debtors | § | |
| | § | Chapter 7 |
| JESUS FELIPE RAMIREZ AND WIFE, | § | |
| ANNA MARIE RAMIREZ, | § | |
| | § | |
| Plaintiffs | § | ADV. NO. |
| | § | |
| vs. | § | |
| | § | |
| TYVAN, LLC., EMERGENCY | § | |
| PHYSICIANS OF LAREDO, PLLC, | § | |
| AND LAREDO EMERGENCY | § | |
| CENTER, LLC., | § | |
| | § | |
| Defendants | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT FOR CONTEMPT

**TO THE HONORABLE CRAIG A. GARGOTTA, U. S. BANKRUPTCY JUDGE:**

### NATURE OF ACTION

1.    This is an action for contempt and for damages brought by the debtors for pre-petition creditors' wilful violations of the Court's Automatic Stay (11 U.S.C. §362) and Discharge Order (11 U.S.C. §524).

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court of this core proceeding arises under 28 U.S.C. §1334.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409, as it is brought where the Plaintiffs has and does reside and where their assets are located.

## PARTIES

4.    Plaintiffs, Jesus Felipe Ramirez and wife, Anna Marie Ramirez ("Plaintiffs"), are natural persons residing in San Antonio, Bexar County, Texas.

5.    Defendant, Tyvan, LLC. may be served with summons by serving its registered agent, Mr. Tom Vo at 7040 Mapleridge, Houston, Texas 77081.

6.    Defendant, Emergency Physicians of Laredo, PLLC. may be served with summons by serving managing member, Mr. Daniel M. Lonegran 14603 Huebner Rd. #201, San Antonio, Texas 78230 or its other managing member Mr. Thomas T. Vo, 5110 Ashbrook Rd. Suite A, Houston, Texas 77081.

7.    Defendant, Laredo Emergency Center, LLC. may be served with summons by serving its registered agent, Mr. Daniel M. Lonegran 14603 Huebner Rd. #201, San Antonio, Texas 78230 or its other managing member Thomas T. Vo at 5110 Ashbrook Dr. Suite A, Houston, Texas 77081.

## FACTUAL ALLEGATIONS

8.    The Plaintiffs received medical treatment at Defendants' medical facilities in Laredo, Texas and were billed by their agent and co-defendant Tyvan, LLC. Upon information and belief the Defendants are all owned and/or operated by Mr. Daniel M. Lonergan and Mr. Thomas T. Vo.

-2-

9.      On October 20, 2017, Defendants through their agent Tyvan,LLC sent the Plaintiffs' statements for medical services for account numbers STAT4900 and StateP4901.

10.     The Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code on December 19, 2017, in case number 17-52885 in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

11.     The Plaintiffs filed Bankruptcy Schedules in such case, which detailed the claim asserted by the Defendants.  The claims of Defendants were listed on Schedule "F" as an unsecured claim. The address used was that of the Defendants' statements: 5110 Ashbrook Dr.Suite B, Houston, Texas 77081.

12.     The Plaintiff filed a mailing matrix with the Bankruptcy Court that provided Defendants' correct address through their agent Tyvan, LLC.

13.     The Bankruptcy Noticing Center served Defendants with a copy of the Bankruptcy Section 341 notice on December 22, 2017  (Ecf. #8).

14.     Such notice advised of the Plaintiffs' bankruptcy filing and of the automatic stay which was invoked upon the filing of the bankruptcy petition.

15.     On January 26, 2018, after the filing date but before the Discharge, Defendants through their agent Tyvan, LLC. again sent the Plaintiffs statements demanding payments due on the aforesaid outstanding accounts.

16.     On March 7 and 8, 2018, after the filing but before the Discharge, Defendants through their agent Tyvan, LLC. again sent the Plaintiffs statements

demanding payments due on the aforesaid outstanding accounts.

17.     On March 14, 2018, the Plaintiffs' counsel, sent the Defendants a cease and desist letter, enclosing a copy of the debtors' section 341 notice, and advising them of the automatic stay and that "a violation of stay may be a contempt of Court." Copies of the demand letters were also attached to the letter. A true and correct copy of such letter is attached hereto marked as Exhibit "A" and is incorporated by reference herein.

18.     The Court entered the Plaintiffs/Debtors' Discharge Order on March 29, 2018. (ECF #14)

19.     The Bankruptcy Noticing Center served Defendants with a copy of the Plaintiffs/Debtors' Bankruptcy Discharge Order on March 31, 2018, by first class mail. (Ecf #16).

20.     On May 9, 2018, the Plaintiffs' counsel, sent the Defendants another cease and desist letter, in response to another unlawful demand statement from Defendants, this time advising of the debts being discharged on March 29, 2018, and that further contact "may result in a contempt action being filed against you. Please do not call or write to them again." A true and correct copy of such letter is attached hereto marked as Exhibit "B" and is incorporated by reference herein.

21.     On May 19, 2018, after the date of the Plaintiffs/Debtors' discharge and after receiving multiple notices of bankruptcy and discharge both from the Court and the Plaintiffs' counsel, Defendants through their agent Tyvan, LLC. again sent the

Plaintiffs statements demanding payments due on the aforesaid outstanding accounts.

22. On June 23, 2018, after the date of the Plaintiffs' discharge, the Defendants through their agent Tyvan, LLC. again sent the Plaintiffs statements demanding payments due on the aforesaid outstanding accounts.

23. On July 23, 2018, after the date of the Plaintiffs' discharge, the Defendants through their agent Tyvan, LLC. again sent the Plaintiffs statements demanding payments due on the aforesaid outstanding accounts.

24. On July 23, 2018, after the date of the Plaintiffs' discharge, the Defendants through their agent Tyvan, LLC. again sent the Plaintiffs statements demanding payments due on the aforesaid outstanding accounts.

25. The Defendants knew from their receipt of the Bankruptcy §341 notice and the Discharge Order, and pre and post petition cease and desist letters from the Plaintiffs' counsel, that the Plaintiffs/Debtors had filed for relief under Chapter 7, and were discharged and that further collection activities were prohibited by the discharge order and might subject them to being sued for contempt of Court.

26. The Plaintiffs' debt at issue with Defendants was not Reaffirmed by the Plaintiffs. The Bankruptcy Court did not approve any reaffirmation of such debts.

27. Defendants knew that by attempting to collect the debts at issue from the Plaintiffs either before or after the date of the bankruptcy filing and after the discharge that they were violating the Bankruptcy Automatic Stay and Discharge

injunction (11 U.S.C. §362 and §524) which prohibits such conduct.

28.     Instead of obeying the automatic stay and discharge injunction, the Defendants knowing that collection of their debt had been stayed and later discharged and was unenforceable still attempted to collect the debts from the Plaintiffs.

29.     The Defendants knew that by attempting to collect the Plaintiffs' stayed and later discharged debt that they would be violating the Automatic Stay and Discharge Injunction entered in the Plaintiffs' bankruptcy case.

30.     The Defendants knew that such conduct was unlawful and that from the Section 341 Notice dated December 19, 2017 (Ecf #2) and Court's discharge Order dated March 29, 2018 (Ecf #14) that "Creditors who violate this order can be required to pay debtors damages and attorney's fees."

31.     Nevertheless, both after the date of the Plaintiffs' bankruptcy filing and also their discharge the Defendants continued to attempt to collect their debts by sending statements to the Plaintiffs as set forth above and herein.

32.     As a proximate result of the aforesaid acts and omissions the Plaintiffs sustained damages. They experienced severe emotional distress which served to alter their everyday routine. The stress which such conduct caused them to sustain anxiety and depression amongst other symptoms. The Defendants' misconduct also caused stress and interference with their family relationships.

## GROUNDS FOR RELIEF: CONTEMPT

### *(Violations of the Automatic Stay 11 U.S.C. §362)*

33.     Plaintiffs incorporate by reference the facts and allegations set forth above.

34.     The Bankruptcy Code, 11 U.S.C. §362(a)(1), (3) and (6) disallow:

    a.    . . . action or proceeding against the debtor . . . to recover a claim against the debtor that arose before commencement of the case; and

    b.    any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

35.     The Bankruptcy Code, 11 U.S.C. §362(a)(6) states that a bankruptcy petition operates as a stay against "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . ."

36.     11 U.S.C. §362(k) provides that an individual injured by any willful violation of the automatic stay shall recover actual damages, including costs and attorney's fees, and, in addition in appropriate circumstances may recover punitive damages.

37.     By Defendants repeatedly contacting the Plaintiff to collect the debt at issue as set for in detail herein, the Defendants committed multiple and repeated knowing and intentional violations of the automatic stay afforded by 11 U.S.C. §362 for which they should be held in contempt also pursuant to 11 U.S.C. §105 and

assessed a fine, damages and attorney's fees and costs of court. Damages and sanctions of $50,000.00 should be awarded to the Plaintiffs.

38.    Defendants should be permanently enjoined pursuant to 11 U.S.C. §105 from further contacting the Debtor/Plaintiffs, in any manner or pulling credit reports on them. Defendants should also be ordered to immediately request that the credit reporting agencies remove any derogatory credit information regarding the Plaintiffs' account from their files.

39.    Defendants' actions were willful, malicious and outrageous. Punitive damages of not less than $100,000.00 should be assessed against Defendants, jointly and severally.

40.    No exceptions exist under 11 U.S.C. §362 or other provisions of the United States Bankruptcy Code or other applicable law that allow for the conduct of Defendants in regard to the automatic stay, as stated above.

41.    Also, there is no requirement of mitigation on the part of Plaintiffs that is relevant to violations of the automatic stay of the Court.

42.    The Defendants failed to cease their debt collection activity when they became aware that Plaintiffs filed for bankruptcy protection when they knew that the collection of debt had been barred by automatic stay.

43.    Such Defendants knew and, in fact, had actual knowledge that Plaintiffs were debtors in a bankruptcy case and were therefore protected from any direct or indirect collection acts whatsoever by virtue of the automatic stay and discharge

injunction provided in 11 U.S.C. §362 and 524.

44. Notwithstanding such knowledge, Defendants willfully continued collection activity.

45. The Defendants' aforesaid actions are willful acts and constitute efforts to collect a pre-bankruptcy debt in violation the automatic stay entered in the Plaintiffs' Chapter 7 bankruptcy case pursuant to 11 U.S.C. §362. Notice from the Court illustrates its contempt for Federal law and the automatic stay.

46. These actions of the Defendants constitute a gross violations of the automatic stay as set forth in 11 U.S.C. §362.

47. The facts and background stated above demonstrate that Defendants willfully violated the automatic stay of the Bankruptcy Court as it concerns the Chapter 7 bankruptcy filed by the Plaintiffs. With this prima facie showing, the duty is on such Defendants to show, as the only defense, a present inability to comply with the automatic stay of the Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the automatic stay of the Court by Defendants, the Plaintiffs must prevail and Defendants must be held liable for willfully violating the automatic stay of the Bankruptcy Court in regard to the bankruptcy filed by Plaintiffs. Any defense put forth by such Defendants in this proceeding cannot constitute a good faith exception, as no other reasonable explanation can be made for the conduct and action of Defendants. Any allegation of a good faith exception should not be allowed.

48. Defendant s failed to achieve substantial and diligent compliance of the automatic stay, which applied to Defendants in Plaintiffs' Chapter 7 bankruptcy.

49. This Court has the power to hold the Defendants in contempt and issue sanctions by virtue of the Court's inherent authority to enforce its own orders, and the statutory authority set forth in 11 U.S.C. §105(a). Plaintiffs request that the Court hold the said Defendants in contempt to enforce and to protect the integrity of the Court's automatic stay.

50. The conduct of the Defendants has substantially frustrated the automatic stay in this case and has cost Plaintiffs unnecessary time, effort and expense in seeking to enforce the automatic stay. As a result of the actions and inaction of the Defendants, Plaintiffs have been deprived of part of their fresh start, and cannot look forward to a clear field for future endeavors.

51. Damages should be awarded in this case, not only to compensate for the losses or injury presumed and sustained by Plaintiffs, but also to coerce Defendants into compliance with the automatic stay under the Bankruptcy Code and other Bankruptcy courts in which Defendants may come into contact.

52. Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded, with the exception of punitive damages sought.

53. An award of damages to cover the value of any loss, any out-of pocket expenses or cost incurred, including the value of the personal time of Plaintiff in

having to deal with the conduct of actions of Defendants, and in having to participate in this proceeding is required.

54.    Damages for the severe emotional and psychological distress that the Defendants' violations of the Court's automatic stay caused the Plaintiffs are recoverable because actual damages include non-financial harm to the Plaintiffs as well as those of financial distress.

55.    Plaintiffs' emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from the Plaintiffs' perspective. This is evident from the fact that the filing of the Chapter 7 bankruptcy was the Plaintiffs' attempt to alleviate the otherwise insurmountable social and economic problems they each faced, as well as preserve the dignity they held for themselves. A failing in the effectiveness of the bankruptcy that was promised to them returns the emotional distress that the Plaintiffs originally intended to halt.

56.    This emotional distress is distinct from the anxiety and pressures inherent to filing a Chapter 7 bankruptcy in that the bankruptcy process was intended to take the pressure off of the Plaintiffs from having to deal with these very actions and conduct of Defendants, and therefore the actions and conduct of Defendants cannot be deemed inherent in the bankruptcy process.

57.    Due to Defendants' conduct, Plaintiffs were forced to hire counsel and their damages include reasonable attorney's fees incurred in prosecuting this claim.

58.     Since Defendants continued to harass Plaintiffs, the damages are ongoing in nature. Defendants are liable for any and all future harm suffered by Plaintiffs as a result of Defendants' conduct.

59.     Plaintiffs have been injured and damaged by the Defendants' actions and are entitled to recover judgment against the Defendants for actual damages in an amount not less than $50,000.00, and punitive damages in an amount not less than $100,000.00, plus an award of costs and reasonable attorneys fees, for violations of 11 U.S.C. §362, and pursuant to the Court's powers under 11 U.S.C. §105.

60.     At all times material hereto, the Defendants knew that the collection of their debts from Plaintiffs was barred and that further contact was prohibited, but nevertheless elected to attempt to collect the debt by continuing to harass the Plaintiffs and to extort money from them through its series of collection efforts including but not limited collection statements referred to herein. By such conduct, the Defendants attempted to wrongfully coerce the Plaintiffs into paying the debt, the collection of which was barred by the automatic stay (11 U.S.C. §362)

61.     The Defendants' conduct set forth above was intentional, willful, malicious or made with reckless indifference to the Plaintiffs' rights. Plaintiff seeks exemplary damages in such regard.

62.     An appropriate fine should be assessed by this Court.

63.     The Plaintiffs seek attorney's fees, actual damages, costs of Court and

injunctive relief for these violations of federal law.

## GROUNDS FOR RELIEF: CONTEMPT

### *(Violations of the Court's Discharge Order 11 U.S.C. §524)*

64.     Plaintiffs incorporate by reference the facts and allegations set forth above.

65.     The Bankruptcy Code, 11 U.S.C. §524(a)(2) operated as an injunction against the commencement or continuation of:

> a.     ". . . an action. . . , or an act to collect . . .any such debt as a personal liability . . . ."

66.     By Defendants repeatedly contacting the Plaintiffs to collect the debt at issue as set forth in detail herein, after the Discharge date, the Defendants committed multiple and repeated knowing and intentional violations of the discharge injunction stay afforded by 11 U.S.C. §524 for which they should be held in contempt also pursuant to 11 U.S.C. §105 and assessed a fine, damages and attorney's fees and costs of court. Damages and sanctions of $50,000.00 should be awarded to the Plaintiffs.

67.     Defendants should be permanently enjoined pursuant to 11 U.S.C. §105 from further contacting the Debtor/Plaintiffs , in any manner, directly or indirectly.

68.     Defendants' actions were willful, malicious and outrageous. Punitive damages of not less than $100,000.00 should be assessed against Defendants, jointly and severally. Upon information and belief the defendants share common

management and knowledge of the claims at issue and of the Plaintiffs' bankruptcy filing and acted jointly in concert in this matter in knowing violation of the Plaintiffs' bankruptcy Discharge order.

69. No exceptions exist under 11 U.S.C. §524 or other provisions of the United States Bankruptcy Code or other applicable law that allow for the conduct of Defendants in regard to the discharge injunction, as stated above.

70. Also, there is no requirement of mitigation on the part of Plaintiffs that is relevant to violations of the discharge injunction of the Court.

71. The Defendants failed to cease their debt collection activity when they became aware that Plaintiffs filed for bankruptcy protection when they knew that the collection of debts had been barred by the Bankruptcy Discharge Order.

72. Such Defendants knew and, in fact, had actual knowledge that Plaintiffs were debtors in a bankruptcy case and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the automatic stay and discharge injunction provided in 11 U.S.C. §524.

73. Notwithstanding such knowledge, Defendants willfully continued collection activity after the date of the debtor/Plaintiffs' March 29, 2018, Discharge. This also constitutes a pattern of misconduct due to the multiple and repeated misconduct by the Defendants as set forth herein.

74. The Defendants' aforesaid actions are willful acts and constitute efforts to collect a pre-bankruptcy debt in violation the Court's Discharge Order entered in

the Plaintiffs' Chapter 7 bankruptcy case pursuant to 11 U.S.C. §524. Notice from the Court as well as from Plaintiffs' counsel, illustrates Defendants' contempt for Federal law and the Court's Discharge Order.

75.   These actions of the Defendants constitute gross violations of the discharge Order as set forth in 11 U.S.C. §524.

76.   The facts and background stated above demonstrate that Defendants willfully violated the Discharge Order of the Bankruptcy Court as it concerns the Chapter 7 bankruptcy filed by the Plaintiffs. With this prima facie showing, the duty is on such Defendants to show, as the only defense, a present inability to comply with the Discharge Order of the Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the Discharge Order of the Court by Defendants, the Plaintiffs must prevail and Defendants must be held liable for willfully violating the Discharge Order of the Bankruptcy Court in regard to the bankruptcy filed by Plaintiffs. Any defense put forth by such Defendants in this proceeding cannot constitute a good faith exception, as no other reasonable explanation can be made for the conduct and action of Defendants. Any allegation of a good faith exception should not be allowed.

77.   Defendants failed to achieve substantial and diligent compliance of the discharge order, which applied to Defendants in Plaintiffs' Chapter 7 bankruptcy.

78.   This Court has the power to hold the Defendants in contempt and issue sanctions by virtue of the Court's inherent authority to enforce its own orders, and the

statutory authority set forth in 11 U.S.C. §105(a). Plaintiffs request that the Court hold the said Defendants in contempt to enforce and to protect the integrity of the Court's Discharge Order.

79.   The conduct of the Defendants has substantially frustrated the Discharge Order in this case and has cost Plaintiffs unnecessary time, effort and expense in seeking to enforce the Discharge Order. As a result of the actions and inaction of the Defendants, Plaintiffs have been deprived of part of his fresh start, and cannot look forward to a clear field for future endeavors.

80.   Damages should be awarded in this case, not only to compensate for the losses or injury presumed and sustained by Plaintiffs, but also to coerce Defendants into compliance with the Discharge Order under the Bankruptcy Code and other Bankruptcy courts in which Defendants may come into contact.

81.   Neither cost-benefit analysis nor proportionality is allowed in determining any element of damages awarded, with the exception of punitive damages sought.

82.   An award of damages to cover the value of any loss, any out-of pocket expenses or cost incurred, including the value of the personal time of Plaintiffs in having to deal with the conduct of actions of Defendants, and in having to participate in this proceeding is required.

83.   Damages for the severe emotional and psychological distress that the Defendants' violations of the Court's Discharge Order caused the Plaintiffs are recoverable because actual damages include non-financial harm to the Plaintiffs as

well as those of financial distress.

84. Plaintiffs' emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from the Plaintiffs' perspective. This is evident from the fact that the filing of the Chapter 7 bankruptcy was the Plaintiffs' attempt to alleviate the otherwise insurmountable social and economic problems they faced, as well as preserve the dignity they held for themselves and their minor children. A failing in the effectiveness of the bankruptcy that was promised to them returns the emotional distress that the Plaintiffs originally intended to halt.

85. This emotional distress is distinct from the anxiety and pressures inherent to filing a Chapter 7 bankruptcy in that the bankruptcy process was intended to take the pressure off of the Plaintiffs from having to deal with these very actions and conduct of Defendants, and therefore the actions and conduct of Defendants cannot be deemed inherent in the bankruptcy process.

86. Due to Defendants' conduct, Plaintiffs were forced to hire counsel and their damages include reasonable attorney's fees incurred in prosecuting this claim.

87. Since Defendants continued to harass the Plaintiffs, even after the Plaintiffs' counsel threatened to sue them for further misconduct, the damages are ongoing in nature. Defendants are liable for any and all future harm suffered by Plaintiffs as a result of their misconduct jointly and severally. They are strictly liable for the acts and omissions of their agents.

88.     Plaintiffs have been injured and damaged by the Defendant's actions and are entitled to recover judgment against the Defendants, jointly and severally, for actual damages in an amount not less than $50,000.00, and punitive damages in an amount not less than $100,000.00, plus an award of costs and reasonable attorneys fees, for violations of 11 U.S.C. §524, and pursuant to the Court's powers under 11 U.S.C. §105.

89.     At all times material hereto, the Defendants knew that the collection of their debts from Plaintiffs was barred  and that further contact was prohibited, but nevertheless elected to attempt to collect the debt by continuing to harass the Plaintiffs and to extort money from them through its series of collection efforts set forth in detail above.

90.     By such post discharge actions, the Defendants attempted to wrongfully coerce the Plaintiffs into paying the debt, the collection of which was barred by the discharge order (11 U.S.C. §524).

91.     Defendants are vicariously liable for the collection activities of attorneys and agents working on its behalf. *Schutz v. Arrow Financial Services, LLC.,* 465 F. Supp.2d 872,  876 (D. IL. 2006).  Defendants are vicariously liable for the acts and omissions of agents and lawyers, especially with regard to torts committed in the scope and course of their employment. See *Mbank El Paso v. Sanchez,* 836 S.W.2d 151 (Tex. 1972).  The acts and omissions complained of herein were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at

all times relevant hereto within the scope and course of that relationship. The Defendants ratified and/or approved of such conduct set forth above.

92.    The Defendants' post discharge conduct set forth above was intentional, willful, malicious or made with reckless indifference to the Plaintiffs' rights. Plaintiffs seeks exemplary damages in such regard.

93.    An appropriate fine should be assessed by this Court.

94.    The Plaintiffs seek attorney's fees, actual damages, costs of Court and injunctive relief for these violations of federal law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court award the Plaintiffs damages, exemplary damages, injunctive relief, assess a fine, attorney's fees, prejudgment interest and costs against Defendants, jointly and severally, and for such other and further relief as the Court may deem just and proper.

Dated: 8 August, 2019.

Respectfully submitted,

LAW OFFICES OF MARTIN SEIDLER
One Elm Place, Suite E504
11107 Wurzbach Road
San Antonio, Texas 78230
Tel: (210) 694-0300
Fax: (210) 690-9886
Email: marty@seidlerlaw.com


By:_____/s/_____
    MARTIN SEIDLER, SBN #18000800
    ATTORNEY FOR PLAINTIFFS

LAW OFFICES
**MARTIN W. SEIDLER**
11107 WURZBACH ROAD, SUITE 504
SAN ANTONIO, TEXAS  78230
TELEPHONE (210) 694-0300
TELECOPIER (210) 690-9886

MARTIN W. SEIDLER

March 14, 2018

Tyvan, LLC
5110 Ashbrook Drive, Suite B
Houston, Texas 77081

Re:  Case No. 17–52885; *In Re: Jesus Felipe and Anna Marie Ramirez*;
     US Bankruptcy Court, Western District of Texas, San Antonio Division

Gentlemen:

You were previously informed of my client's bankruptcy filing to which compliance has been blatantly disregarded.

Please be advised that my clients, Jesus Felipe Ramirez and Anna Marie Ramirez, filed for relief under Chapter 7 of the Bankruptcy Code on December 19, 2017. Tyvan was duly listed on the Debtors' schedules with the correct address and were served with notice.  For your reference, enclosed please find a copy of the 341 Hearing Notice.  The automatic stay which became effective upon the filing of his case prohibits you from collection activities on his account.  A violation of stay may be a contempt of Court.

Further enclosed is a photocopy of your statement which my clients assert is a violation.  Please be advised that further contact may result in a contempt action being filed against you.  Please do not contact them again.

Yours very truly,

MARTIN SEIDLER

MS/sa
Enclosure
cc:   Mr. and Mrs. Ramirez



EXHIBIT
"A"

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Jesus Felipe Ramirez**<br><br>First Name    Middle Name    Last Name | Social Security number or ITIN   xxx–xx–6019<br><br>EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | **Anna Marie Ramirez**<br><br>First Name    Middle Name    Last Name | Social Security number or ITIN   xxx–xx–2742<br><br>EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Western District of Texas** | | Date case filed for chapter 7   12/19/17 |
| Case number:   **17–52885–cag** | | |

## Official Form 309A (For Individuals or Joint Debtors)

# Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline

12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Jesus Felipe Ramirez | Anna Marie Ramirez |
| 2. | All other names used in the last 8 years | dba My Story, fdba Schola Insights & Marketing, Inc. | |
| 3. | Address | 4919 E. Beverly Mae Dr.<br>San Antonio, TX 78229 | 4919 E. Beverly Mae Dr.<br>San Antonio, TX 78229 |
| 4. | Debtor's attorney<br>Name and address | Martin Warren Seidler<br>11107 Wurzbach Rd, Suite 504<br>San Antonio, TX 78230 | Contact phone (210) 694–0300<br><br>Email: marty@seidlerlaw.com |
| 5. | Bankruptcy trustee<br>Name and address | John Patrick Lowe<br>218 North Getty Street<br>Uvalde, TX 78801 | Contact phone (830) 278–6271<br><br>Email: pat.lowe.law@gmail.com |

For more information, see page 2 >

Debtor **Jesus Felipe Ramirez** and **Anna Marie Ramirez**                                    Case number 17–52885–cag

| | | |
|---|---|---|
| **6.** **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. See Court website for electronic filing information: www.txwb.uscourts.gov. | 615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205 | Hours open Monday – Friday 8:00 AM – 4:00 PM<br><br>Contact phone (210) 472–6720<br><br>Date: 12/20/17 |
| **7.** **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **January 23, 2018 at 01:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>San Antonio Room 333, U.S. Post Office Bldg., 615 E. Houston St., San Antonio, TX 78205 |
| **8.** **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9.** **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 3/26/18** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10.** **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11.** **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12.** **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**                                    page 2

5110 Ashbrook Dr.
Ste B
Houston, TX 77081
RETURN SERVICE REQUESTED

Billing Phone: 713-357-2535
Office Hours: 7:30AM - 4:30PM

To Pay your bill online visit:
www.patientnotebook.com/LEP

Stmt ID#: 975714563

ANN RAMIREZ
4919 E BEVERLY MAE DR
SAN ANTONIO TX 78229-4937

PLEASE SEND ALL PAYMENTS TO THE PO BOX
ADDRESS LISTED DIRECTLY BELOW

To Pay your bill online visit:
www.patientnotebook.com/LEP

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NO. |
|---|---|---|
| 03/08/2018 | $494.90 | STATEP4901 |

CHARGES AND CREDITS MADE AFTER STATEMENT DATE WILL APPEAR ON NEXT STATEMENT.

SHOW AMOUNT PAID HERE  $

MAKE CHECKS PAYABLE / REMIT TO:

Emergency Physicians of Laredo
PO BOX 371863
PITTSBURGH PA 15250-7863

0000975714563000010073200000494900003

Please check box if above address is incorrect or insurance information has changed, and indicate changes on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT IN ENCLOSED ENVELOPE

PHYSICIAN BILL

| Date | Description | Charges | Ins Pmts | Adjustments | Pt. Payments | Balance |
|---|---|---|---|---|---|---|
| 4/15/2017 | Seen at EMERGENCY PHYSICIANS OF LAREDO P | 1374.74 | 742.37 | 137.47 | 0.00 | 494.90 |

| CHARGES | PAYMENTS | BALANCE |
|---|---|---|
| 494.90 | 0.00 | 494.90 |

| Total Due From Patient |
|---|
| $494.90 |

Payments by check will be converted into electronic funds transfers. Funds may be debited from your account as soon as the same day payment is received. If your balance doesn't reflect your most recent payments, or if you have questions about your statement, please contact the Tyvan Billing Patient Advocacy Department at (713) 357-2535.

1 of 1

121378-250-9315181

Tyvan, LLC
5110 Ashbrook Dr.
Ste B
Houston , TX 77081

RETURN SERVICE REQUESTED

Billing Phone: 713-357-2535
Billing Fax: 832-478-2254
Office Hours: 7:30AM - 4:30PM
To Pay your bill online visit:
https://www.patientnotebook.com/statersouthlaredo

Stmt ID#: 975710162

127127 - 316

ANN RAMIREZ
4919 E BEVERLY MAE DR
SAN ANTONIO TX 78229-4937

012860

**PLEASE SEND ALL PAYMENTS TO THE PO BOX ADDRESS LISTED DIRECTLY BELOW**

To Pay your bill online visit:
**https://www.patientnotebook.com/statersouthlaredo**

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NO. |
|---|---|---|
| 03/07/2018 | $820.98 | STAT4900 |

CHARGES AND CREDITS MADE AFTER STATEMENT DATE WILL APPEAR ON NEXT STATEMENT.

SHOW AMOUNT PAID HERE $

**MAKE CHECKS PAYABLE / REMIT TO:**

STAT EMERGENCY CENTER
PO BOX 371863
PITTSBURGH PA 15250-7863

0000975710162000011667100000820980002

Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT IN ENCLOSED ENVELOPE

**FACILITY BILL**

| Date | Description | Charges | Ins Pmts | Adjustments | Pt. Payments | Balance |
|---|---|---|---|---|---|---|
| 4/15/2017 | EMER DEPT MODERATE SEVERITY | 2391.60 | 1231.47 | 239.15 | 100.00 | 820.98 |

| CHARGES | PAYMENTS | BALANCE |
|---|---|---|
| 920.98 | 100.00 | 820.98 |

| Total Due From Patient |
|---|
| $820.98 |

We are happy to serve you and we value your opinion on your satisfaction! Please visit https://www.surveymonkey.com/r/TyvanPatientSurvey for your input.

Payments by check will be converted into electronic funds transfers. Funds may be debited from your account as soon as the same day payment is received. If your balance doesn't reflect your most recent payments, or if you have questions about your statement, please contact the Tyvan Billing Patient Advocacy Department at (713) 357-2535.

1 of 1

127127-316-9315125

LAW OFFICES
**MARTIN W. SEIDLER**
11107 WURZBACH ROAD, SUITE 504
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 694-0300
TELECOPIER (210) 690-9886

MARTIN W. SEIDLER

May 9, 2018

Tyvan, LLC
6030 S. Rice Ave. Suite C
Houston, Texas 77081

Re:   Case No. 17–52885; *In Re: Jesus Felipe and Anna Marie Ramirez*;
US Bankruptcy Court, Western District of Texas, San Antonio Division
Collecting for: Emergency Phys. Of Laredo
Debtor: Ann Ramirez, San Antonio, Texas

Gentlemen:

You were previously informed of my client's bankruptcy filing to which compliance
has been blatantly disregarded.

Please be advised that my clients, Jesus Felipe Ramirez and Anna Marie Ramirez,
filed for relief under Chapter 7 of the Bankruptcy Code on December 19, 2017.

Tyvan was duly listed on the Debtors' schedules with the correct address and was
served with notice. I wrote to you previously requesting that you cease and desist
from contacting my clients as a result of the automatic stay. They were discharged
on March 29, 2018. Their discharge in bankruptcy now prohibits such contact as
well.

Please be advised that further contact may result in a contempt action being filed
against you. Please do not call or write to them again.

Yours very truly,

MARTIN SEIDLER

MS/sa
Enclosure
cc:   Mr. and Mrs. Ramirez


EXHIBIT
'B'